**In re Olen (NMI) MOORE, Individually, and d/b/a Guntersville Greenhouse, Inc. (SIC), Debtor.**

**Bankruptcy No. 87–1937(12).**

United States Bankruptcy Court, N.D. Alabama.

May 20, 1987.

**608**

Charles Y. Boyd, Gadsden, Ala., for debtor.

Martha T. Roper, Albertville, Ala., trustee.

## OPINION OF THE COURT AND ORDER ON TRUSTEE'S MOTION TO HAVE CASE DISMISSED

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

At Gadsden, Alabama, on April 15, 1987, the above-styled case, commenced under title 11, chapter 12, United States Code, and pending before this Court under said chapter, came on to be heard on a motion by the standing chapter 12 trustee for dismissal of the case. Firstly, the motion asserts that the individual, Olen Moore, has attempted to file a joint petition with a corporation and that the statutory provisions for commencing joint cases (11 United States Code § 302(a)) do not provide for the commencement of a joint case by an individual and a corporation. Secondly, the motion asserts that the debtors have not filed the appropriate schedules and statements required by Bankruptcy Rule 1007,

1. Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986,

within fifteen days after entry of the order for relief. (sic)

At the hearing, the attorney for the debtor (debtors?) admitted that nothing more than the chapter 12 petition had been filed, but argued that he understood that nothing else was required to be filed until the chapter 12 plan was filed. The Court advised the debtor's attorney that the motion to dismiss would be granted unless the debtor remedied the deficiencies in filing under the requirements of Bankruptcy Rule 1007(a)(1).

Prior to the hearing, the debtor's attorney had filed an "AMENDMENT TO CHAPTER 12 PROCEEDING," by which Olen Moore purported to strike "Guntersville Greenhouse, Inc.," as a party to the petition.

On April 20, 1987, the debtor filed a "SCHEDULE A—STATEMENT OF ALL LIABILITIES OF DEBTOR," listing creditors, their addresses, and the amounts of the debts owed to them. The clerk and the standing chapter 12 trustee apparently have had some discussion as to whether the debtor's filing of a "Schedule A" has been a sufficient compliance with the Court's oral directive at the hearing or whether the case is due to be dismissed for the want of a filing by the debtor of a "Statement of Financial Affairs," Official Form No. 8. This is indicated by a memorandum which, with the file for the case, has come to the bankruptcy judge for a decision. The Court will address this question aside from any impropriety which may be involved under Bankruptcy Rule 9003.

In the 1986 Bankruptcy Amendments,[1] a provision is made for the application of the bankruptcy rules to chapter 12 cases, as follows:

(b) Rules Relating to Chapter 12 of Title 11.—The rules prescribed under section 2075 of title 28, United States Code, and in effect on the date of the enactment of this Act shall apply to cases filed under chapter 12 of title 11, United States Code, to the extent practicable

Pub. L. 99–554, § 305(b) (Oct. 27, 1986).

and not inconsistent with the amendments made by title II of this Act.[2]

Bankruptcy Rule 1007(a)(1), referred to by the Court at the hearing, requires that a debtor, in a voluntary case, file with the petition (the pleading whose filing commences the bankruptcy case[3]) "a list containing the name and address of each creditor" or "a schedule of liabilities or a Chapter 13 Statement." It is obvious that the debtor's attorney has belatedly effected a compliance by the debtor with this requirement and avoided the literal condition laid down by the Court for dismissal of the case.

As to whether the Bankruptcy Rules also require a chapter 12 debtor to file a "Statement of Financial Affairs," the answer is negative. Part (b) of Rule 1007 requires that a "debtor in a chapter 7 liquidation case or chapter 11 reorganization case" file various schedules and statements, including "a statement of financial affairs." It omits any reference to a chapter 9 debtor, a chapter 13 debtor, and—since the rule preceded chapter 12—a chapter 12 debtor.[4]

Although the Court may dismiss this case for "unreasonable delay ... by the debtor that is prejudicial to creditors,"[5] no specific prejudice has been shown and none has been asserted by any creditor. This case was commenced March 2, 1987, and while some general prejudice to creditors may be inferred from the debtor's delay in complying with the requirements of Rule 1007(a)(1), some leniency in enforcing correct practice under a new statute does not exceed the Court's discretion. Because the debtor has now filed a list of creditors, the motion to dismiss will not be granted for his initial failure to file the list.

The other aspect of the trustee's motion to dismiss was the alleged absurdity of attempting to join as debtors in the chapter 12 petition the individual, Olen Moore, and a corporation. Section 302 of title 11 is the only provision in that title for the filing of a joint bankruptcy petition, and it sanctions only a joint petition for an eligible "individual ... and such individual's spouse." It is not necessary to ascertain whether "Guntersville Greenhouse, Inc.," was intended to be a joint debtor[6] or whether that was intended to be a trade name listed in the caption of the petition, since it has been stricken as a petitioner. The motion to dismiss is not due to be granted on the ground of a misjoinder of debtors, but whether the "family farmer" here is in fact the debtor or a corporation is a question which may pose further problems in this case.

Neither the trustee nor the debtor's attorney has called to the attention of the Court the provisions of section 521 of title 11, which prescribe debtor's "duties." In subsection (1), the debtor is required to file a list of creditors and, unless the Court orders otherwise, the following:

(1) a schedule of assets and liabilities;

(2) a schedule of current income and current expenditures; and

(3) a statement of the debtor's financial affairs.

It now appears from the case file that the debtor, on May 1, 1987, filed all of the above schedules and statement, as well as the disclosure of compensation paid or promised to the attorney for a debtor.[7] If the new petition filed by the debtor on May

---

2. *Id.* § 305(b).

3. 11 U.S.C. § 301 (1979).

4. The chapter 12 "interim rules" which the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States has recommended for adoption as local rules, pending formulation and adoption of additions to the Bankruptcy Rules, contains in Rule 12–3 a requirement for the chapter 12 debtor to file a "Chapter 12 Statement" and a "statement of financial affairs." Memorandum to United States

District and Bankruptcy Courts, dated February 5, 1987, from the Honorable Lloyd D. George, United States District Judge, Chairman.

5. 11 U.S.C. § 1208(c)(1) (1987).

6. The petition was signed twice by Olen Moore—once as president of Guntersville Greenhouse, Inc.

7. Required by 11 U.S.C. 329(a) and Bankruptcy Rule 2016(b).

1, 1987, which "prays for relief in accordance with chapter 7 (or chapter 11, or chapter 13) of title 11, United States Code" (sic), may be ignored, an order denying the trustee's motion to dismiss this case will suffice for present purposes.

## ORDER OF THE COURT

The motion to dismiss this case not now being well-taken, it is ORDERED by the Court that the motion is denied and that the clerk mail a copy hereof to the debtor, his attorney, the standing chapter 12 trustee, the bankruptcy administrator, and the creditors, respectively.